# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:05CV217-3-V
## 3:01CR36-07-V

| | |
|---|---|
| IAN ANDRE PERSAUD, | ) |
| Petitioner, | ) |
| Vs. | ) **ORDER** |
| UNITED STATED OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on initial review of the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed May 5, 2005.

By his Motion to Vacate, the Petitioner has denominated eight (8) separate issues for the Court's review.

However, upon careful review of those matters, the Court has determined that six (6) of the eight (8) issues must be summarily dismissed. On the other hand, the Court finds that the remaining two (2) claims are sufficient, at least up to this point, to withstand the Court's initial review for frivolousness. Accordingly, the government will be required to answer those remaining claims as hereafter directed.

### I. Factual and Procedural Background

According to the record of this matter, on March 13, 2001, the Petitioner along with others, was named in an Indictment. Specifically, Petitioner was charged with conspiracy to possess with

intent to distribute quantities of cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846 and 851. Trial begin on September 16, 2002 and the jury returned a verdict of guilty. Petitioner was sentenced to life imprisonment on January 12, 2003.

Petitioner's sentence and conviction were affirmed by the Fourth Circuit Court of Appeals in an unpublished decision on February 17, 2004, and his writ of certiorari was denied by the United States Supreme Court on June 23, 2004.

On May 5, 2005, Petitioner filed the instant Motion to Vacate setting forth eight claims for the Court's review. Of the eight claims, the Court directs the United States Attorney's Office to respond to two claims which allege ineffective assistance of counsel. The remaining claims are dismissed for the reasons outlined in this order.

## II. Review of Petitioner's Claims

**1. Petitioner's Blakely/Booker/Apprendi Claims**

In his first two claims for relief and his last claim for relief, Petitioner argues that the United States Sentencing Guidelines are unconstitutional and his sentence was contrary to United States v. Booker. Petitioner further argues that his life sentence violated the clear mandate of Apprendi and Blakely because it was based on factual findings made by the judge and not the jury.

The Court first notes that Petitioner was sentenced on January 12, 2003 and the United States Supreme Court had not yet decided Booker at that point. Additionally, these claims are defaulted and barred for failure to raise them on direct review. See United States v. Mikalajunas, 186 F.3d 490492-95 (4th Cir. 1995) (to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, petitioner must show cause and prejudice resulting from errors or demonstrate that a miscarriage of justice would result from refusal to entertain on

2

collateral attack). Petitioner has not shown cause or prejudice or demonstrated that a miscarriage of justice would result from this Court's refusal to entertain these defaulted claims. To the extent that Petitioner challenges the application of 21 U.S.C. § 851, that claim was raised and denied on direct review and is therefore barred from this Court's review as there has been no favorable, intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.), cert. Denied, 429 U.S. 863 (1976). Moreover, the Court is well aware of the recent pronouncements in Blakely/Booker and Apprendi. However, the Fourth Circuit Court of Appeals has concluded that Apprendi, the case from which the Blakely and Booker rulings are derived, cannot be retroactively applied in cases such as this. See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Furthermore, neither the Fourth Circuit nor the United States Supreme Court yet has indicated that Blakely or Booker can be retroactively applied on collateral review. Thus, in light of Sanders, it is likely that Blakely and Booker also will not be deemed to be retroactively applicable in collateral review contexts. Therefore, since the sentencing claims to which the petitioner has alluded would not be cognizable in these proceedings, the Court will dismiss these claims.

**2. Petitioner's Actual Innocence Claim is Defaulted and Barred**

Petitioner argues that his is "actually innocent" because he was sentenced to life based on sentencing enhancements that were determined by a judge rather than a jury. Petitioner argues that his sentence was greater than the statutory maximum based upon a finding by the court by a preponderance of the evidence rather than by a jury beyond a reasonable doubt.

The Court can plainly see that this claim, like the claims outlined above, are defaulted and barred for failure to raise them on direct review. See United States v. Mikalajunas, 186 F.3d

490492-95 (4th Cir. 1995). Additionally, this claim is not cognizable on federal habeas review because the cases cited by Petitioner in support of this claim cannot be retroactively applied on collateral review.

### 3. Petitioner's Multiple vs. Single Conspiracy Claim is Defaulted and Barred

Petitioner claims the government failed to establish the existence of a single conspiracy beyond a reasonable doubt, but proved at most a series of single conspiracies. Because Petitioner failed to raise this issue on direct review, it is defaulted and barred and this Court cannot consider it in these proceedings. See United States v. Mikalajunas, 186 F.3d 490492-95 (4th Cir. 1995).

### 4. Petitioner's Confrontation Clause Claim is Barred

Petitioner claims that the trial court repeatedly limited the defense from specifically cross examining the government key witness on several murders he allegedly committed. Petitioner argues that this limitation violated his constitutional right to confront witnesses against him. This claim was raised and denied on direct appeal and is therefore barred in this proceeding because there has been no favorable intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.), cert. Denied, 429 U.S. 863 (1976).

### 5. Petitioner's Ineffective Assistance of Counsel Claims Should Proceed

Petitioner argues that his counsel was ineffective for failing to allow him to testify and for failing to pursue a plea agreement. These matters are sufficient to raise claims which should not be summarily rejected. Accordingly, the Court finds that the government should be required to file an answer to these claims.

**THEREFORE, IT IS HEREBY ORDERED:**

1. That Petitioner's allegations in his Motion to Vacate, denominated as Claims 1,2,5,6,7 and

8 are all dismissed for the reasons outlined in this order;

      2. That no later than forty (40) days from the filing of this Order, the United States Attorney shall file an Answer to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, detailing Petitioner's remaining allegations of ineffective assistance of counsel, which were denominated as Claims 3 and 4; and

      3. That the Clerk shall send a copy of this Order to the Petitioner and to the United States Attorney.

**SO ORDERED**

**Signed: June 7, 2005**

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge